818 F.2d 866
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry L. KNICKLE; et al., Plaintiffs-Appellants,
v.
TECUMSEH PRODUCTS COMPANY; United Automobile, Aerospace &
Agricultural Implement Workers of America (UAW);
UAW Local # 750, Defendants-Appellees.
 No. 86-3273.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1987.
 
 Before MARTIN, JONES and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs, 114 former employees of defendant Tecumseh Products Company, appeal the district court's grant of summary judgment in favor of the company and defendants United Automobile, Aerospace & Agricultural Implement Workers of America ("UAW") and UAW Local # 750 in this hybrid breach of contract/breach of the duty of fair representation action filed under section 301 of the Labor Management Relations Act, 29 U.S.C. Sec.l85.
 
 
 2
 This action was prompted by Tecumseh's decision to cease operation of its compressor manufacturing facility in Marion, Ohio. Following the expiration of the 1980-1983 collective bargaining agreement, a strike ensued. However, on June 27, 1983, the Union ratified an agreement with Tecumseh extending the expired agreement to July 4, 1984. No provision in the agreement limited Tecumseh's right to close the Marion facility. In January 1984, Tecumseh informed the Union and the employees that it would close the Marion plant during the calendar year 1984. On July 4, 1984, the collective bargaining agreement expired, and the Marion facility was effectively closed during that month.
 
 
 3
 On April 16, 1984, plaintiffs filed the present action. On May 17, 1984, plaintiffs moved that Tecumseh be preliminarily enjoined from closing the plant and discontinuing employee benefits. On August 24, 1984, the district court denied the motion, holding that in the absence of a plant closing agreement, plaintiffs would not likely succeed on the merits. No appeal was taken from that order.
 
 
 4
 The case was essentially inactive until June 13, 1985, when Tecumseh filed its motion for summary judgment. On September 13, 1985, the Union filed its motion for summary judgment. On February 19, 1986, the district court granted both motions for summary judgment and dismissed the action.
 
 
 5
 On appeal, plaintiffs argue the district court erroneously held their fair representation claims were deficient due to the failure to exhaust contractual remedies set forth in the collective bargaining agreement. Plaintiffs also argue the district court erred in finding the action barred by the six-month statute of limitations because the statute should be tolled until the time plaintiffs were first made aware by Tecumseh that the plant would be closed. The district court held the statute of limitations on plaintiff's claim that the Union breached its duty of fair representation by not negotiating a plant closure provision began to run on June 27, 1983, when the employees ratified the extension agreement.
 
 
 6
 As to their claims against the company, plaintiffs argue they presented sufficient evidence Tecumseh breached specific provisions of the collective bargaining agreement to withstand a motion for summary judgment. Plaintiffs further argue the district court improperly dismissed their claim that Tecumseh's decision to close the Marion facility was based upon anti-union animus. The district court held that the NLRB has exclusive jurisdiction because this conduct would constitute an unfair labor practice.
 
 
 7
 Upon consideration of the briefs and record herein and after oral argument, the judgment of the district court is AFFIRMED for the reasons stated in the district court's Opinion and Order, entered February 19, 1986.